UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM D. WEBSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>JUDGE LEONARD COSTELLO, in his personal capacity; JENNIFER BRUGGER, in her personal and professional capacity; THE NORTHWEST JUSTICE PROJECT, a not-for-profit corporation,<br><br>    Defendants. | CASE NO. C08-5266BHS<br><br>ORDER DECLINING TO RECUSE VOLUNTARILY AND REFERRING REQUEST FOR RECUSAL TO CHIEF JUDGE |

This matter comes before the Court upon Plaintiff's Answer to Judge Benjamin H. Settle's Order to Show Cause (Dkt. 9), which contains a request for recusal. The Court hereby declines to recuse voluntarily and refers the request for recusal to the chief judge of this district for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 29, 2008, Plaintiff William D. Webster filed suit in federal court alleging violation of the Washington State Rules of Professional Conduct, Code of Judicial Conduct, and the Fourteenth Amendment. Dkt. 1 at 7. Mr. Webster seeks "real and presumed damages" of $350,000 and punitive damages of $3,500,00. *Id.* at 8. Plaintiff names the following Defendants: the Northwest Justice Project; Jennifer Brugger, who is

ORDER - 1

apparently an attorney with the Northwest Justice Project; and the Honorable Leonard Costello, the judge who presided over Mr. Webster's divorce proceedings.

On May 14, 2008, the Court ordered Mr. Webster to show cause "why all claims against Judge Costello and all claims for violation of the Rules of Professional Conduct and the Code of Judicial Conduct should not be dismissed with prejudice." Dkt. 2 at 3. In his response to the Order to Show Cause, Mr. Webster seeks this Court's recusal: "For filing an Order to Show Cause on behalf of Judge Leonard Costello and acting as his attorney in said order, I request that the Honorable Benjamin H. Settle Recuse himself from this case." Dkt. 9 at 14.

## II. DISCUSSION

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In addition, 28 U.S.C. § 144 governs judicial bias and provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. In this district, General Rule 8 governs motions for recusal and provides in part as follows:

> Whenever a motion to recuse due to alleged bias or prejudice directed at a judge of this court is filed pursuant to 28 U.S.C. § 144, the clerk shall refer it to the chief judge. If the motion is directed at the chief judge, the clerk shall refer it to the next senior active judge. Before a ruling is made on a motion to recuse any judge, the challenged judge will be afforded an opportunity to review the motion papers and decide whether to recuse voluntarily.

Local Rule GR 8(c).

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). Adverse

ORDER - 2

rulings by a judge are not a sufficient basis for disqualification. *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir.1981).

This Court's rulings are based upon the issues presented by the parties or upon *sua sponte* review by the Court. The Court has no bias or prejudice in this case that would support recusal or disqualification, and the Court therefore declines to recuse voluntarily.

Plaintiff's motion for recusal of the undersigned is referred to Chief Judge Robert S. Lasnik for decision, and the Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Lasnik's motion calender. All motions currently pending before the Court in this matter are hereby stayed pending resolution of Mr. Webster's request for recusal.

### III. ORDER

Therefore, it is hereby

**ORDERED** that the undersigned declines to recuse voluntarily, Plaintiff's request for recusal (Dkt. 9) is hereby **REFERRED** to Chief Judge Robert S. Lasnik, and all pending motions in this matter are **STAYED** pending resolution of the request for recusal.

DATED this 24th day of June, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3