UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM D. WEBSTER,

               Plaintiff,

     v.

JUDGE LEONARD COSTELLO, in his personal capacity; JENNIFER BRUGGER, in her personal and professional capacity; THE NORTHWEST JUSTICE PROJECT, a not-for-profit corporation,

               Defendants.

CASE NO. C08-5266BHS

ORDER GRANTING DEFENDANTS THE NORTHWEST JUSTICE PROJECT AND JENNIFER BRUGGER'S MOTION TO DISMISS, DENYING MOTION FOR INJUNCTIVE RELIEF, AND DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO SHOW CAUSE

This matter comes before the Court upon Plaintiff's Answer to Judge Benjamin H. Settle's Order to Show Cause (Dkt. 9), Defendants the Northwest Justice Project and Jennifer Brugger's Motion to Dismiss Under FRCP 12(b)(6) and FRCP 56 (Dkt. 5), and the Motion for Injunctive Relief (Dkt. 15). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 29, 2008, Plaintiff William D. Webster filed suit in federal court alleging violation of the Washington State Rules of Professional Conduct, Code of Judicial

Conduct, and the Fourteenth Amendment. Dkt. 1 at 7. Mr. Webster seeks "real and presumed damages" of $350,000 and punitive damages of $3,500,000. *Id.* at 8. Mr. Webster names the following Defendants: the Northwest Justice Project; Jennifer Brugger, an attorney with the Northwest Justice Project; and the Honorable Leonard Costello, the judge who presided over Mr. Webster's dissolution proceedings.

On May 14, 2008, the Court ordered Mr. Webster to show cause. Dkt. 2. In his response to the Order to Show Cause, Mr. Webster sought this Court's recusal. Dkt. 9 at 14. The Court declined to recuse voluntarily, referred the recusal request to the Honorable Robert S. Lasnik, and stayed all motions in this matter pending resolution of the recusal request. Dkt. 13. Judge Lasnik denied the request for recusal. Dkt. 14. Mr. Webster's showing in response to the order to show cause and Defendants' Motion to Dismiss are therefore ripe for decision.

On July 8, 2008, Mr. Webster filed a Motion for Injunctive Relief. Dkt. 15. The motion is noted for consideration on July 25, 2008. Mr. Webster seeks to "enjoin[] [the Court] from filing court documents on behalf of the Defendant's [sic] including fellow judge, Judge Leonard Costello." Dkt. 15 at 1. Mr. Webster asks that the Court's order to show cause (Dkt. 2) be stricken and seeks disclosure of the Court's affiliation with Judge Costello. *Id.* Mr. Webster's recusal request was denied (Dkt. 14), and no action has been taken in this matter since that time. The Motion for Injunctive Relief (Dkt. 2) is therefore denied.

## II. STANDARD

Motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not

1   merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v.*

2   *Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a

3   claim to relief that is plausible on its face." *Id.* at 1974. When deciding a motion to

4   dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

5       In this case, Defendants seek dismissal under Federal Rule of Civil Procedure

6   12(b)(6) or, alternatively, summary judgment. Dkt. 5. Because both parties ask the Court

7   to review materials outside of the pleadings, the Court's construes Defendants' motion as

8   a motion for summary judgment.

9       Summary judgment is proper only if the pleadings, the discovery and disclosure

10  materials on file, and any affidavits show that there is no genuine issue as to any material

11  fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

12  The moving party is entitled to judgment as a matter of law when the nonmoving party

13  fails to make a sufficient showing on an essential element of a claim in the case on which

14  the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

15  (1985). There is no genuine issue of fact for trial where the record, taken as a whole,

16  could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec.*

17  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

18  present specific, significant probative evidence, not simply "some metaphysical doubt").

19  *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if

20  there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

21  jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477

22  U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

23  626, 630 (9th Cir. 1987).

24      The determination of the existence of a material fact is often a close question. The

25  Court must consider the substantive evidentiary burden that the nonmoving party must

26  meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

27  U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual

28

issues of controversy in favor of the nonmoving party only when the facts specifically

attested by that party contradict facts specifically attested by the moving party. The

nonmoving party may not merely state that it will discredit the moving party's evidence at

trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec.*

*Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific

statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan*

*v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### III. DISCUSSION

On May 14, 2008, the Court ordered Mr. Webster to show cause in two respects.

First, the Court ordered Mr. Webster to show cause why all claims against Judge Costello

should not be dismissed because the only alleged state action involving Judge Costello

consists of acts committed within the course of his official duties for which he is

absolutely immune from damages actions under 42 U.S.C. § 1983. *See Olsen v. Idaho*

*State Bd. of Medicine*, 363 F.3d 916, 922-23 (9th Cir. 2004). Mr. Webster's responses to

the Court's order to show cause and to the motion to dismiss fail to allege any state action

by Judge Costello other than Judge Costello's actions in court proceedings over which he

presided. *See, e.g.*, Dkt. 9 at 7 ("Judge Costello has repeatedly refused to recognize the

felonies of perjury and subordination of perjury in his court."). Accordingly, Mr.

Webster's claims against Judge Costello are subject to dismissal with prejudice.

Second, the Court ordered Mr. Webster to show cause why all claims for violation

of the Rules of Professional Conduct and the Code of Judicial Conduct should not be

dismissed. Dkt. 2 at 3. Ms. Brugger and the Northwest Justice Project also move for

summary judgment in this respect, contending that Mr. Webster fails to allege action

taken under color of law or deprivation of a constitutional right. Dkt. 5 at 5. In response to

the Court's order, Mr. Webster concedes that he does not have a private cause of action

for violation of the Washington Rules of Professional Conduct and Code of Judicial

Conduct. Dkt. 9 at 3. Mr. Webster premises his 42 U.S.C. § 1983 claim on such

1    violations. *Id.* This is insufficient. In order to state a claim under 42 U.S.C. § 1983, Mr.

2    Webster must demonstrate that (l) Defendants were acting under color of state law and

3    that (2) the conduct deprived Mr. Webster of a right, privilege, or immunity secured by

4    the Constitution or by the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535

5    (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986). Mr.

6    Webster's claim, based upon violation of ethical rules, does not allege that Mr. Webster

7    was deprived of a constitutional or federal right. Accordingly, Mr. Webster has failed to

8    show cause as to his 42 U.S.C. § 1983 claim.

9         In a footnote, Defendants raise a third ground for dismissal. Defendants contend

10   that the dissolution proceeding involving Mr. Webster over which Judge Costello presides

11   is ongoing. Dkt. 6 at 2. Defendants contend that to the extent that Mr. Webster seeks

12   federal intervention in ongoing state proceedings, dismissal is proper. Dkt. 5 at 5 n.22. It

13   is unclear whether the dissolution proceeding remains pending. Dkt. 12, Exh. B at 1.

14        If the dissolution proceeding remains pending, intervention by this Court would be

15   improper. Generally, federal courts will not intervene in a pending criminal proceeding

16   absent extraordinary circumstances where the danger of irreparable harm is both great and

17   immediate. *See Younger v. Harris*, 401 U.S. 37, 45- 46 (1971); *see also Fort Belknap*

18   *Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir. 1994) (abstention appropriate if

19   ongoing state judicial proceedings implicate important state interests and offer adequate

20   opportunity to litigate federal constitutional issues). The *Younger* abstention doctrine

21   applies not only to criminal proceedings, but to pending civil proceedings. *Columbia*

22   *Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001).

23        Only in the most unusual circumstances is a plaintiff entitled to have the federal

24   court intervene before a case concludes in state court. *Drury v. Cox*, 457 F.2d 764, 764-65

25   (9th Cir. 1972). Extraordinary circumstances exist where irreparable injury is both great

26   and immediate, for example where the state law is flagrantly and patently violative of

27   express constitutional prohibitions or where there is a showing of bad faith, harassment,

28

or other unusual circumstances that would call for equitable relief. *Younger*, 401 U.S. at

46, 53-54. In this case, there is no indication of extraordinary circumstances.

Alternatively, if the dissolution proceeding has concluded, dismissal of this action

is appropriate pursuant to the *Rooker-Feldman* principle. The *Rooker-Feldman* doctrine is

an established jurisdictional principle prohibiting federal courts from exercising appellate

review over final state court judgments. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855,

858-59 (9th Cir. 2008). The doctrine applies when federal plaintiffs seek relief from a

state court judgment on the basis of an erroneous decision by the state court or where

claims raised in the federal action are inextricably intertwined with the state court

decision such that adjudication in federal court would undermine the state court ruling or

require interpretation of state laws or procedural rules. *Id.* at 859. As Mr. Webster

essentially asks this Court to review Judge Costello's rulings regarding contempt and

perjury, dismissal is warranted pursuant to *Rooker-Feldman*.

Having determined that Mr. Webster's showing in response to the order to show

cause and to Defendants' motion to dismiss is deficient and that this matter is barred

either by the *Younger* abstention doctrine or the *Rooker-Feldman* principle, the Court

now considers whether Mr. Webster should be granted leave to amend his complaint and

whether Defendants' motion should be continued to allow time for discovery.

Strictly speaking, Mr. Webster does not seek to amend the complaint. *See* Dkt. 10

at 14 ("If the Court wish's [sic] to grant me leave to amend, I could name every federal

statute and every Amendment in my claim and we could eliminate all the ones that don't

fit the case, but I don't believe that necessary."). In the interest of fairness, the Court will

consider whether Mr. Webster should be granted leave to amend.

In considering whether to permit amendment, courts consider the following

factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of

amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v.*

*City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Courts should not grant leave to

ORDER - 6

1    amend where amendment would be futile. *See Klamath-Lake Pharm. Ass'n v. Klamath*

2    *Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). Amendment is futile "only if no

3    set of facts can be proved under the amendment to the pleadings that would constitute a

4    valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214

5    (9th Cir. 1988).

6          In this case, the Court concludes that amendment of the complaint would be futile.

7    With respect to Judge Costello, Mr. Webster can prove no set of facts demonstrating that

8    Judge Costello acted under color of law but was not entitled to immunity. As to Mr.

9    Webster's claims against the other Defendants, Mr. Webster fails to state a violation of a

10   constitutional right. Moreover, amendment would not cure deficiencies with respect to the

11   *Younger* abstention doctrine or the *Rooker-Feldman* principle. The Court therefore

12   concludes that amendment would be futile and therefore declines to grant Mr. Webster

13   leave to amend.

14         Similarly, the Court declines to continue Defendants' motion to allow the parties

15   to conduct discovery. *See* Dkt. 10 at 12 ("There have been no pleadings, depositions,

16   answers [to] interrogatories, and admissions on file. . . . Plaintiff has not yet had the

17   chance to show his conclusive evidence in court."). Federal Rule of Civil Procedure 56(f)

18   allows the Court to deny or continue a motion for summary judgment if the defending

19   party establishes that it is unable to properly defend against the motion. Fed. R. Civ. P.

20   56(f). The party seeking such a continuance must make (a) a timely application which (b)

21   specifically identifies (c) relevant information, (d) where there is some basis for believing

22   that the information sought actually exists. *Emplrs. Teamsters Local Nos. 175 & 505*

23   *Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129-1130 (9th Cir. 2004). The Court

24   may deny the request unless the party opposing summary judgment articulates how

25   additional discovery may preclude summary judgment and demonstrates diligence in

26   pursuing discovery thus far. *Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844

27   (9th Cir. 1994). The burden is on the nonmoving party to establish that proceeding with

28

ORDER - 7

additional discovery would produce evidence sufficient to defeat summary judgment and that the evidence it seeks is in existence. *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). In this case, where Plaintiff fails to state a claim, permitting discovery would be inefficient and would not save Plaintiff's claims. The Court therefore declines to continue Defendants' motion.

### IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendants the Northwest Justice Project and Jennifer Brugger's Motion to Dismiss Under FRCP 12(b)(6) and FRCP 56 (Dkt. 5) is **GRANTED**, the Motion for Injunctive Relief (Dkt. 15) is **DENIED**, and Plaintiff's claims are **DISMISSED with prejudice** for failure to show cause.

DATED this 17th day of July, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 8